712 P.2d 686

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dean Edward RICE, Defendant-Appellant.**

**No. 15832.**

Court of Appeals of Idaho.

Dec. 18, 1985.

Review Denied Jan. 29, 1986.

William J. Tway, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Boise, plaintiff-respondent.

WALTERS, Chief Judge.

In this appeal, Dean Edward Rice contends the district court erred in refusing to suppress evidence obtained under a search warrant. The case involves the so-called "good faith" exception to the exclusionary rule, announced by the United States Supreme Court in *United States v. Leon*, —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We uphold the district court's order.

Based upon information received through an anonymous telephone caller, a Boise City police officer applied to a magistrate for a warrant to search a residence located at 1525 Denver Street, Boise. The officer's affidavit in support of his application, after reciting his capacity as a police officer and his belief that marijuana and drug related paraphernalia would be found at the described residence, stated:

That he has probable cause to believe and is positive the same is true because of the following facts of which he has personal knowledge:

On February 8th, 1984 your affiant received an anonymous phone call through the Crime Stoppers Program. The confidential informant has been assigned CI–# 905. This individual, with a male voice, advised your affiant that recently he had accompanied a friend to 1525 Denver Street in Boise. The Denver Street house at 1525 Denver is more particularly described as a single family residence, a one story house, with a rock or rock type facing, the rear portion of the residence is white in color and appears to be of stucco construction, the front door of the house faces east and is brown in color with the numbers 1525 on the door.

While with this friend at 1525 Denver, there were discussions of the purchase of marijuana. At this time your affiant was advised that CI–905's friend did purchase marijuana and at the same time saw an individual introduced to him as Stanley J. Rice sell marijuana to CI–905's friend.

On February 8th, 1984 CI–905 advised your affiant that he went to 1525 Denver to purchase some marijuana. This action was taken at the request of your affiant. At this meeting CI # 905 advised Rice that CI 905 wishes to purchase a quarter pound of marijuana. Stanley Rice showed CI 905 one ounce of marijuana for CI 905 to examine for quality. From your affiant's discussions with CI 905, it is your affiants opinion CI 905 is well advised as to the nature and characteristics of marijuana and appears to be quite well versed in the slang and lingo of the drug trade and drug usage. At this February 8th, 1984 meeting with Rice, CI 905 advised that Rice had the marijuana present at the 1525 Denver Street address and further advised Rice that CI 905 would stop by on February 9th to purchase this marijuana. The agreed price for the quarter pound of marijuana was to be $300.00. Additionally, CI 905 advised that the marijuana is located in the kitchen area of the house.

CI 905 further advised your affiant on February 8th, 1984 that Stanley J. Rice is a white male adult approximately six foot tall with brown collar length hair weighing approximately 180 to 190 pounds and is approximately 27 years of age.

Your affiant determined through Carol Stour, his personal secretary, that Stanley J. Rice does reside at 1525 Denver pursuant to information obtained through the Idaho Power Company.

Your affiant believes that CI 905 is a reliable informant because information obtained relevant to other drug possessions was corroborated through confidential informant CI 904. On February 6th 1984 CI 904, a confidential informant with a female type voice, talked to your affiant pursuant to a Crime Stopper's phone call. She advised that a Max Kevin McCammon residing at 1015 University has been selling marijuana out of his residence. CI 905 (the informant on this search warrant) related to your affiant that a Max located 1015 University in Boise was dealing drugs out of his resi-

dence. Additionally, CI 905's information relevant to other drug transactions has been corroborated in the following way:

1. That confidential informant # 905 was correct as to the ownership of a vehicle located at 906 McKinley, said vehicle being owned by Ken Oberfelder.

2. That CI 905 was correct as to where the vehicle was parked relevant to a 906 McKinley address as verified by your affiant.

3. That CI 905 was correct as to Ken Oberfelder's prior address being 1427 Shennendoah in Boise, as corroborated through a records check of a 1975 black Cadillac registered to Ken Oberfelder.

4. That CI 905 was correct to the length of residence of Ken Oberfelder at the 906 McKinley Street address as verified through power records obtained from Idaho Power Company that showed the date power was supplied to the residence at 906 McKinley Street.

That your affiant requests to search for certain property, to-wit: contraband including but not limited to marijuana and marijuana derivatives, packaging materials, scales inventory list relating to drug related transactions, customer lists, additionally, proof of residency at 1525 Denver address including but not limited to, phone lists, rent receipts, mail addressed to a Stanley Rice at 1525 Denver Street.

That pursuant to your affiant's experience with the Boise City Police Department it has been his experience that individuals involved with drug usage and sales of drugs will have packaging materials, scales, and paraphernailia [sic], additionally they will have customer lists and records relating to account transactions at the residence where they live.

Presented with this information, the magistrate issued a warrant to search the house at 1525 Denver Street. According to a stipulation filed by the parties in this appeal, a quantity of marijuana was seized pursuant to the search warrant, "from the possession of the [appellant, Dean Edward

Rice,] at [his] residence." Dean Rice was arrested on a felony charge of possession of marijuana with the intent to deliver, I.C. § 37–2732. His motion to suppress the evidence was denied. After plea negotiations, Rice entered a conditional plea of guilty to simple possession of marijuana, a misdemeanor. The conditional plea was entered pursuant to I.C.R. 11(a)(2), reserving the right, on appeal, to seek review of the court's order denying his motion to suppress. Rice was granted probation under an order withholding judgment of conviction. He appeals, contending the district court erred in refusing to suppress the evidence seized under the warrant.

■ Rice moved to suppress the evidence upon the basis that the search warrant was issued without probable cause. The district court agreed that probable cause was lacking. The court held that the information supplied by an anonymous informant which was not corroborated or verified by the police or by other equally reliable identified informants (except for facts which could be easily obtained by anyone who knew the suspect) was insufficient on its face to establish probable cause for the search, citing *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) and *State v. Lang,* 105 Idaho 683, 672 P.2d 561 (1983). Because the state prevailed on the suppression issue, the state has not cross-appealed from the district court's conclusion that the information in the officer's affidavit was insufficient to establish probable cause to issue the warrant. The state submits, however, that, arguably, there was probable cause for the warrant. We disagree. The affidavit in this case shows that the police simply relied upon statements from two unknown informants. These statements tended to corroborate each other and they contained specific information regarding addresses, automobile ownership, etc., which proved to be correct. However, as the district judge noted, such information showed only that one informant was acquainted with the defendant, but not that either informant had genuine knowledge of marijuana transactions. We agree with the district court's determina-

tion that the warrant was issued without probable cause.

We turn next to the application of *Leon* by the district court. Although the court held there was not probable cause for the warrant, the court ruled that the search could be upheld under *Leon* and that the evidence would not be suppressed. The court found the search was permissible because the warrant was "facially valid" and there was an absence of any "knowing or reckless falsity" in the officer's affidavit for the warrant. While we believe the district court was correct in so far as those two criteria are concerned, there are additional requirements announced in *Leon* that the court also should have considered before determining whether the evidence should be suppressed.

In *Leon* the United States Supreme Court held that evidence should not be suppressed if the officer executing the warrant acted "in objectively reasonable reliance" on the magistrate's probable cause determination and on the technical sufficiency of the warrant issued by the magistrate, notwithstanding that the warrant subsequently is held invalid because it was issued without probable cause. In conjunction with that ruling, the Court announced four circumstances under which the seizure of evidence pursuant to a subsequently invalidated warrant would not be protected from exclusion. The Court said that suppression remains appropriate where (a) the magistrate or judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (b) the issuing magistrate wholly abandoned his judicial role in such a manner or under such circumstances that no reasonably well-trained officer should rely on the warrant; (c) the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (d) the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officer cannot reason-

ably presume the warrant to be valid. *Leon*, —— U.S. at ——–——, 104 S.Ct. at 3421–22, 82 L.Ed.2d at 698–99. We have observed that each of these circumstances represents a separate and distinct exception to the "good faith" rule announced in *Leon. See State v. Schaffer*, 107 Idaho 812, 693 P.2d 458 (Ct.App.1984).

■ As noted, the district court below limited its consideration of the good faith rule to whether the warrant was facially valid and whether the affidavit in support of the warrant contained deliberate or recklessly false information. The district court did not address either of the other two exceptions to *Leon, viz.*, possible abandonment by the magistrate of his judicial role, or whether the officer did not "manifest objective good faith in relying on a warrant based on an affidavit 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.'" *Leon*, —— U.S. at ——, 104 S.Ct. at 3422, 82 L.Ed.2d at 699.

There is no indication in the record in this case that the magistrate abandoned his judicial role under such circumstances that a reasonably well-trained officer would not rely on the warrant. Because the record does not frame a genuine issue on this point, we conclude that this exception does not exist to allow suppression under *Leon.*

■ The remaining exception announced in *Leon* is whether the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. In *Leon*, the Supreme Court noted that there was disagreement among the judges below whether there was probable cause for the

warrant. The Court held, under those circumstances, "the officers' reliance on the magistrate's determination of probable cause was objectively reasonable, and application of the extreme sanction of exclusion is inappropriate." —— U.S. at ——, 104 S.Ct. at 3423, 82 L.Ed.2d at 701. We think the present case presents a close question under this *Leon* exception. The affidavit for the search warrant was long on quantity of information but short on quality of information needed for probable cause. Nevertheless, we cannot say that the police officers' belief in the existence of probable cause was entirely unreasonable. We therefore uphold the order of the district court refusing to suppress the evidence seized by the officer in execution of the warrant.

■ The appellant has requested that we construe the Idaho constitutional prohibition against unreasonable searches and seizures [1] to exclude admission in evidence of the fruits of the search in this case, notwithstanding that the evidence may be admissible under the federal Constitution. In *Schaffer* we expressed our apprehensions about the federal rule announced in *Leon.* However, in light of our Supreme Court's admonition that the Idaho provision is to be construed consistently with the fourth amendment to the federal Constitution, *State v. Cowen*, 104 Idaho 649, 650, 662 P.2d 230, 231 (1983), we are constrained to decline Rice's request.[2]

The order of the district court, refusing to suppress, is affirmed.

BURNETT and SWANSTROM, JJ., concur.

---

1. Article 1, § 17 of the Idaho Constitution provides:

   *Unreasonable searches and seizures prohibited.*—The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue without probable cause shown by affidavit, particularly describing the place to be searched and the person or thing to be seized.

2. This topic has generated lively discussion. See dissenting opinions of Bistline, J., in *State v.*

*Hoak*, 107 Idaho 742, 692 P.2d 1174 (1984) and *State v. Lang*, 105 Idaho 683, 672 P.2d 561 (1983). We note also that, since *Cowen*, our Supreme Court has expressly reserved for another day whether *Leon* is binding in Idaho only as to its interpretation of the federal Constitution and would not be similarly applied to the Idaho Constitution. *See State v. Lewis*, 107 Idaho 616, 691 P.2d 1231 (1984). Perhaps that day may arrive if the Idaho Supreme Court grants a review of the instant case under I.A.R. 118 or 120.