765 P.2d 695

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas E. LINDSEY, Defendant–Appellant.**

**No. 17026.**

Court of Appeals of Idaho.

Dec. 7, 1988.

Petition for Review Denied March 13, 1989.*

---

* Bistline, J., dissenting opinion on denial of review is published at 115 Idaho 795, 770 P.2d 804.

Anthony C. Anegon (Aherin & Rice), of Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., of Boise, for plaintiff-respondent.

BURNETT, Judge.

Thomas E. Lindsey appeals his judgment of conviction for possession of a controlled substance, marijuana. He challenges the district court's denial of his motion to suppress evidence. The dispositive issues on appeal are (1) whether there was probable cause for issuing a search warrant; and (2) whether all evidence seized during the search should be suppressed, if the police exceeded the scope of the warrant. We uphold the district court's ruling on the motion. Accordingly, we affirm the judgment.

The record discloses the following facts. Law enforcement officers in Idaho County searched Lindsey's house, pursuant to a warrant issued upon information obtained from an undisclosed informant. According to an affidavit submitted to the magistrate, the informant had given the officers detailed information about marijuana plants he personally observed in Lindsey's home. He also offered information concerning a missing police surveillance camera. The informant told the police that Lindsey had admitted stealing the camera. Details concerning this admission were included in the affidavit.

The magistrate issued a warrant authorizing a search of Lindsey's home for marijuana and for any other fruits or instrumentalities of the offense. The police seized three and a half pounds of marijuana, currency, gold, tarps, a pair of boots and a motorcycle. After Lindsey was charged with possession of the marijuana, he filed his motion to suppress. The motion was denied. Following entry of judgment, he appealed.

We first consider the probable cause issue. It is axiomatic, of course, that the Fourth Amendment of the United States Constitution and Article 1, § 17, of the Idaho Constitution require a warrant to be supported by probable cause. In reviewing a magistrate's finding of probable cause, we must determine whether there was a substantial basis, under the totality of circumstances, for the magistrate to conclude that probable cause existed. *State v. Lang*, 105 Idaho 683, 672 P.2d 561 (1983). The totality of circumstances test is less rigid than the two-pronged test previously articulated in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Under the *Aguilar–Spinelli* test, where the state sought a warrant upon information obtained from an undisclosed informant, the state was required to show the veracity of the informant and the basis of his knowledge. *State v. Vargovich*, 113 Idaho 354, 743 P.2d 1007 (Ct.App.1987).

Although the totality of circumstances test has supplanted the two-pronged *Aguilar–Spinelli* test, the two-pronged test is

still "highly relevant in determining the value of [an informant's] report." *Illinois v. Gates,* 462 U.S. 213 at 230, 103 S.Ct. 2317 at 2328, 76 L.Ed.2d 527 (1983). We have held that the *Aguilar–Spinelli* test is a useful first step in evaluating whether a magistrate had a substantial basis to determine the existence of probable cause. *State v. Vargovich,* 113 Idaho at 355–356, 743 P.2d at 1008–1009. When we review a magistrate's determination, we ask two questions. First, "Where did the undisclosed informant get his information?" Second, "Is he likely to be telling the truth?" *State v. Schaffer,* 107 Idaho 812, 818, 693 P.2d 458, 464 (Ct.App.1984). These two questions are the heart of the *Aguilar–Spinelli* test. If the information provided to the magistrate fails to address these specific questions, we may turn to the totality of the circumstances to determine whether the probable cause gap can be filled. *State v. Prestwich,* 110 Idaho 966, 719 P.2d 1226 (Ct.App.1986).

■ In this case, we need not extend our inquiry beyond *Aguilar–Spinelli.* The basis of knowledge requirement has been satisfied by the informant's statement that he personally observed the marijuana. Personal observation is one of the strongest possible indications of basis of knowledge. *State v. Vargovich,* 113 Idaho at 356, 743 P.2d at 1009. The veracity prong has also been met. Veracity can be established in two ways: by showing the informant's past reliability or by showing his present credibility. *Id.* Here, present credibility was demonstrated. The affidavit contained sufficient detail to take the informant's report outside the category of "casual rumor." *See Spinelli v. United States,* 393 U.S. at 416, 89 S.Ct. at 589. The informant described the purplish color of the marijuana plants, the tarps upon which they grew, the house in which they were located and the dates of his observation. This precision of detail supported the informant's credibility. *Draper v. United States,* 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). More importantly, the informant offered facts which were not generally known and which were verified by the police. These details included a description of the stolen surveillance camera and its location. By supplying accurate information not publicly available regarding a crime, the informant enhanced his present credibility. *State v. Vargovich* at 356, 743 P.2d at 1009.

Because both prongs of the *Aguilar–Spinelli* test were satisfied, we hold that the magistrate had a substantial basis to conclude that probable cause existed. The district judge correctly denied Lindsey's motion to suppress.

■ We now turn to Lindsey's contention that the search was invalid because the police exceeded the scope of the warrant. It is true that the police seized items other than marijuana, such as currency, gold, tarps, and boots. Lindsey argues that such police misconduct requires a suppression of all evidence seized, including the marijuana. However, when the police exceed the scope of a warrant, the entire search ordinarily is not rendered invalid. Rather, those items of property unlawfully seized will be suppressed. *State v. Holman,* 109 Idaho 382, 707 P.2d 493 (Ct.App.1985). Because the marijuana had not been seized improperly, there was no need for the district court to suppress it.

We conclude that the motion to suppress was correctly denied. The judgment of conviction is affirmed.

WALTERS, C.J., and PRATHER, J. pro tem., concur.