770 P.2d 804

**STATE of Idaho, Plaintiff,**

v.

**Thomas E. LINDSEY, Defendant.**

No. 17026.

Supreme Court of Idaho.

March 13, 1989.

## PETITION FOR REVIEW

The Appellant having filed a PETITION FOR REVIEW on December 27, 1988 with supporting BRIEF on January 11, 1989, of the Court's Opinion released December 7, 1988, 115 Idaho 184, 765 P.2d 695; therefore, after due consideration,

IT IS HEREBY ORDERED that Appellant's PETITION FOR REVIEW be, and hereby is, DENIED and the dissent on Denial of the Petition for Review by BISTLINE, J., be, and hereby is, RELEASED.

BISTLINE, Justice, on denial of petition for review.

The district court denied the defendant's motion to suppress the evidence by application of *Leon*[1] on the basis of finding no bad faith in Officer Ziegler's execution of the search warrant issued by the magistrate, which perhaps equates to a finding of good faith. In its rulings on the suppression motion the district court made the specific finding that Ziegler had not presented an affidavit establishing probable cause for the issuance of a warrant.

Both Idaho appellate courts have recognized that "the exclusionary rule is re-

tained where the warrant clearly lacks a probable cause basis." *State v. Johnson,* 108 Idaho 619, 626, 701 P.2d 239 (Ct.App. 1985); *State v. Johnson,* 110 Idaho 516, 528, 716 P.2d 1288 (1986).

The Court of Appeals, acting on Lindsey's appeal from the district court's denial of his motion to suppress, avoided, or at least failed to: (a) mention that the district court *found* lack of probable cause for the issuance of the warrant; (b) proceeded to find probable cause; and (c) accordingly affirmed the defendant's conviction. Result: The trial bench and bar, at least in the second judicial district, and perhaps statewide, will be at a loss to understand such a procedure.

The lack of attention paid to the trial court's findings surfaces again when the Court of Appeals analyzes the credibility of the confidential informant. The informant described a stolen police surveillance camera. The Court of Appeals stated:

> More importantly, the informant offered facts which were not generally known and which were verified by the police. These details included a description of the stolen surveillance camera and its location. By supplying accurate information not publicly available regarding a crime, the informant enhanced his present credibility. *State v. Vargovich* [113 Idaho 354] at 356, 743 P.2d [1007] at 1009 [Ct.App.1987].

*State v. Lindsey,* 115 Idaho 184, 186, 765 P.2d 695, 697 (Ct.App.1988). This passage flies in the face of the trial court's finding regarding the surveillance camera:

> The other means of buttressing the reliability that the state proffers is that the informant said that there was a camera or said that the defendant in this case, Tom Lindsey, had indicated that he had destroyed a camera, had taken a camera and had thrown it away that the law enforcement officials had planted there.
>
> Again, this gives the court little aid in determining reliability. This is a remote instance that happened sometime ago.

---

1. *U.S. v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

The affidavit is somewhat confusing in that evidently many peop'^ at least knew that the camera had been destroyed so that in and of itself was not something of knowledge that only the defendant would have.

This would be a story that would be easy under the circumstances for the informant to concoct if everybody knew that the camera had been destroyed it would be easy to concoct such a story. There was nothing really told indicating any type of special knowledge that only the defendant would have.

Tr., 29–30.

Thus, the trial court specifically found that many people "knew of the camera." Conversely, the Court of Appeals states that the "informant offered facts [about the camera] which were not generally known." The lack of deference to the findings of the district judge causes me to vote for review.

In addition to the naked factual problems, this case presents an important question of law unaddressed by the Court of Appeals. As noted, the trial court ruled that under the *Leon* exception to the exclusionary rule, the illegally seized evidence would not be suppressed. First, this Court has not adopted—nor rejected—the *Leon* "good faith" exception to the exclusionary rule. *State v. Johnson*, 110 Idaho 516, 716 P.2d 1288 (1986).

Second, the trial court's application of *Leon*, even assuming the doctrine might be applicable in this jurisdiction, is flawed. The trial judge did not find good faith; he found only a lack of bad faith.[2] I submit that the two are not synonymous. Between the quantum of proof required to establish good faith on the one hand, and a lack of bad faith on the other, is an often nebulous, but all important, shade of gray.

Thus, not only do the factual inconsistencies between the findings of the trial judge and Court of Appeals opinions cause one to pause, but the teaching of *Leon* requires this Court's attention. As noted above, the

good faith rule of *Leon* states that the exclusionary rule *will be* applied "where the warrant clearly lacks a probable cause basis."

My vote, of course, is to grant review so that the inconsistencies can be clarified or eradicated.

---

2. The trial court stated: "However, it is not possible for me to determine that they [the items] were seized in bad faith ... so I cannot make the determination that the warrant was executed in bad faith." Tr., at 33–34.