730 P.2d 1082

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Michael J. FORSHAW, Defendant-Appellant.**

**No. 15672.**

Court of Appeals of Idaho.

Dec. 30, 1986.

Michael J. Forshaw, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., P. Mark Thompson, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Michael Forshaw appeals his judgment of conviction for possession of a controlled substance with intent to deliver. The issues are as follows: (1) whether the arresting officer's affidavit in support of an application for a search warrant contained false statements, made knowingly or with reckless disregard for the truth; and (2) whether the affidavit constitutes a sufficient showing of probable cause under the *Illinois v. Gates* "totality of the circumstances" analysis? We affirm the judgment.

In February of 1984 Officer Todd Ericsson of the Idaho Falls Police Department, and narcotics investigator Jenny Stracner of the Laguna Beach, California, Police Department were investigating the activities of Michael Forshaw. Stracner was receiving information from a confidential informant implicating Forshaw in possible drug trafficking. The informant was Forshaw's girlfriend, and the two had been living together in Laguna Beach for about two years. On February 16, 1984, Ericsson verified information supplied by the informant regarding a trip Forshaw had made to Idaho Falls. Details of Forshaw's airplane and motel reservations were verified. On the 18th Stracner called Ericsson and told him that the informant had revealed that Forshaw was en route to Idaho Falls again, with a stop at Salt Lake City, and would be carrying a bag containing cocaine. The facts of Forshaw's itinerary and those of his Salt Lake City contact, a Mr. Young, were verified though further investigation by an FBI agent. The informant supplied a detailed description of Forshaw, his clothing and his luggage.

Based on this information, on February 18, Idaho Falls police officers obtained a search warrant from a magistrate, to search Forshaw and his luggage when he arrived. They executed the warrant at the Idaho Falls airport when they observed a man who matched the description supplied by the informant. A search of Forshaw's luggage produced approximately a kilogram (2.2 pounds) of cocaine. He was taken into custody and charged with violating I.C. § 37–2732, possession with intent to deliver a controlled substance. Following a preliminary hearing Forshaw was held to answer the charge in district court.

Forshaw moved to suppress the seized evidence, contending that the search war-

rant was based on false information. At the suppression hearing, Forshaw produced the informant who stated that she had not told Stracner that Forshaw would definitely be carrying cocaine. Instead, the informant claimed she had only expressed the possibility that Forshaw might be carrying cocaine or marijuana. On the other hand, Ericsson testified that the affidavit he had given for the search warrant accurately stated information he had received from Stracner to the effect "that a confidential informant had provided them with information that an individual by the name of Michael John Forshaw was en route to Idaho Falls, Idaho with a bag containing cocaine." The district court dealt with the issue as follows:

> I would find, Counsel, that considering the affidavid [sic] as a whole and accepting [the informant's] testimony at face value, that the only substantial variance between the facts and the truth—the facts set forth in the affidavit and the truth is that the contents of the bag contain cocaine or marijuana. I can't see that was put in the affidavit intentionally knowing the standard to be the preponderance of the evidence, or recklessly, so I would deny the motion and would remand the Defendant to the custody of the sheriff.

■ In reviewing the findings of the magistrate who issued the search warrant, our function is limited to ensuring that the magistrate had a substantial basis for concluding that probable cause existed. *State v. Lang,* 105 Idaho 683, 672 P.2d 561 (1983). After-the-fact, de novo scrutiny was specifically rejected by the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). This deferential standard of review is appropriate to further the Fourth Amendment's preference for searches conducted pursuant to a warrant. *Massachusetts v. Upton,* 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984).

A magistrate's determination of probable cause may be based, as it was in this case, on hearsay in whole or in part. I.C.R.

41(c). An application for a warrant that is based on an informant's tip is to be judged by a "totality of the circumstances" analysis. *State v. Lang, supra,* (adopting *Illinois v. Gates, supra*). The approach in *Gates* affords the magistrate the opportunity

> to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. at 2332.

In *Gates,* the Supreme Court rejected a rigid application of the two-prong test of *Aguilar-Spinelli* established in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). That test required a warrant's supporting affidavit to first establish the "basis of knowledge" of the informant, the particular means by which he came by the information. Second, the affidavit must provide facts establishing either the general "veracity" of the informant or the specific "reliability" of his report in the particular case. *Massachusetts v. Upton, supra.* These prongs are still important to a *Gates* inquiry. The inquiry begins by examining each prong. If the evidence on either prong is weak, the magistrate may consider the "totality of the circumstances" to determine whether the weakness is offset by other facts tending to establish probable cause. *See State v. Schaffer,* 107 Idaho 812, 693 P.2d 458 (Ct.App.1984).

■ Forshaw contends that the affidavit contains false statements without which probable cause could not be established. The alleged false statement is that Forshaw would be carrying a bag of cocaine. Its falsity, he urges, is shown by the informant's testimony at the suppression hearing: that all she told Stracner was that

Forshaw *might* be carrying either cocaine *or* marijuana.

Forshaw points to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) as support for his position. The *Franks* case established a defendant's right to a hearing in which he could challenge the veracity of an affidavit in support of a warrant application. Previously, some states had flatly prohibited veracity challenges. *Id.* at 176–80, 98 S.Ct. at 2686–88. *See also State v. Lindner*, 100 Idaho 37, 592 P.2d 852 (1979) (adopting *Franks* ) and *State v. Schaffer, supra* (criticizing but applying *Franks* ).

The most that can be said of Forshaw's position is that he has had his *Franks* hearing and lost. At the suppression hearing, all relevant issues and facts were fully explored. The district court ruled against him, specifically finding that Forshaw had not met his burden under *Franks* of proving, by a preponderance, that false statements were knowingly and intentionally made or were presented with a reckless disregard for the truth. The district court's finding was supported by substantial, though conflicting, evidence and will not be disturbed on appeal. *State v. Burke*, 110 Idaho 621, 717 P.2d 1039 (Ct. App.1986).

■ Next Forshaw contends that, even if the warrant is allowed to stand without deletions, it still does not constitute a sufficient showing of probable cause. He asserts that *State v. Oropeza*, 97 Idaho 387, 545 P.2d 475 (1976) is controlling. In that case, the Idaho Supreme Court criticized the use of hearsay within hearsay in affidavits to establish probable cause.

We believe that Forshaw's reliance upon *State v. Oropeza* and other cases, such as *State v. Gomez*, 101 Idaho 802, 623 P.2d 110 (1980), *cert. denied*, 454 U.S. 963, 102 S.Ct. 503, 70 L.Ed.2d 378 (1981), is misplaced. Those cases were decided before the Idaho Supreme Court adopted the *Gates* analysis in *State v. Lang, supra. Oropeza* and *Gomez* applied the rigid *Aguilar-Spinelli* two-prong test which was specifically abandoned by the court in

*Lang.* This Court has questioned the utility of *State v. Oropeza* in light of the *Gates* standard. *See State v. Crabb*, 107 Idaho 298, 688 P.2d 1203 (Ct.App.1984).

Instead, we find the facts of this case to be strikingly close to those in *Lang* and *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). We therefore consider those cases as controlling our decision. In *Lang* an anonymous woman called the Idaho Bureau of Narcotics and Drug Enforcement with information regarding the travel itinerary of the defendant. She stated that a drug purchase was to take place in Florida followed by the defendant's return to Idaho. All aspects of the tipster's information, except the drug transaction itself, were verified by agents prior to obtaining a search warrant. The Idaho Supreme Court noted, as in *Gates*, that the tips included a variety of details, describing future activities of third parties which are not easily predictable.

*Draper*, a case specifically approved by the U.S. Supreme Court in *Gates*, involved a review of the value of corroborative efforts of police officials. The *Draper* case was described by Justice Rehnquist in *Gates* as follows:

There, an informant named Hereford reported that Draper would arrive in Denver on a train from Chicago on one of two days, and that he would be carrying a quantity of heroin. The informant also supplied a fairly detailed physical description of Draper, and predicted that he would be wearing a light colored raincoat, brown slacks, and black shoes, and would be walking "real fast." [Citation omitted.] Hereford gave no indication of the basis for his information. [Footnote omitted.]

On one of the stated dates police officers observed a man matching this description exit a train arriving from Chicago; his attire and luggage matched Hereford's report and he was walking rapidly. We explained in *Draper* that, by this point in his investigation, the arresting officer "had personally verified every facet of the information given him

by Hereford except whether petitioner had accomplished his mission and had the three ounces of heroin on his person or in his bag. And surely, with every other bit of Hereford's information being thus personally verified, [the officer] had 'reasonable grounds' to believe that the remaining unverified bit of Hereford's information—that Draper would have the heroin with him—was likewise true, . . . ."

462 U.S. at 242–43, 103 S.Ct. at 2334.

If anything, the facts before this Court are stronger than those of *Lang* or *Draper.* Unlike *Lang,* the informant's identity here was known to Laguna Beach police officers. Unlike *Draper,* the informant stated here, with precision, the time and date Forshaw would arrive at Idaho Falls. In addition, during the probable cause hearing, Ericsson testified that he had received information from Stracner, obtained from the informant, about previous flights Forshaw had booked in or out of the Idaho Falls airport on certain dates. Ericsson related to the magistrate that he personally had verified the accuracy of this information.

 Forshaw insists that, except for the bare conclusion that he would be carrying cocaine, the affidavit does nothing more than indicate the wholly innocent comings and goings of a person with no proven history of drug dealing. We disagree. The magistrate was entitled to infer that the informant, who had lived with Forshaw for two years, had personal knowledge of Forshaw's intent to take a controlled substance to Idaho Falls. Moreover, we have previously noted that "[p]robability, not proof, is the standard for probable cause." *State v. Crabb,* 107 Idaho 298, 302, 688 P.2d 1203, 1207 (Ct.App.1984) (*quoting Kristich v. State,* 550 P.2d 796, 803 (Alaska 1976)). The United States Supreme Court has said "that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause. . . ." *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969).

Applying the totality of the circumstances analysis to the facts, we hold that a substantial basis for the magistrate's finding of probable cause existed. We conclude that the district court properly denied Forshaw's motion to suppress. The judgment of conviction is affirmed.

WALTERS, C.J., and BURNETT, J., concur.