794 P.2d 290

STATE of Idaho, Plaintiff–Respondent,

v.

Bobby Dean BEATY,
Defendant–Appellant.

STATE of Idaho, Plaintiff–Respondent,

v.

Elsie Mae WALLING,
Defendant–Appellant.

Nos. 17384, 17385.

Court of Appeals of Idaho.

June 29, 1990.

Johnson & Meikle Law Office, Idaho Falls, for defendants-appellants. David A. Johnson, argued.

Jim Jones, Atty. Gen. and James E. Leuenberger, Deputy Atty. Gen., (argued), Boise, for plaintiff-respondent.

Substitute Opinion the Court's prior opinion, dated February 14, 1990, is hereby withdrawn.

BENGTSON, Judge Pro Tem.

Bobby Dean Beaty and Elsie Mae Walling each appeal from judgments of conviction for possession of controlled substances with intent to deliver. I.C. § 37–2732. They had entered conditional pleas of guilty, reserving the right to challenge on appeal orders denying their respective motions to suppress evidence. I.C.R. 11(a)(2). The evidence was obtained by police during a search with a warrant. The appellants argue that the police seized the evidence illegally because the magistrate who issued the search warrant had been misled by the failure of police officers to furnish material, exculpatory information when applying for the warrant. The district court, while concluding that probable cause for the issuance of the warrant did not exist, denied the motions to suppress because the warrant was facially valid and there was an absence of any knowing or reckless falsity in the officer's testimony presented to the magistrate. We agree with the district judge's conclusion that probable cause did not exist for the issuance of the search warrant; however, we disagree with his ruling that the search was nevertheless permissible.

■ The facts are as follows. At approximately 6:00 p.m. on June 22, 1987, the Idaho Falls Police Department received a telephone call from an unknown person who reported that several people were selling drugs (cocaine, methamphetamine, and marijuana) out of Room 220 at the Motel 6 on West Broadway in Idaho Falls. The caller claimed to have been present earlier in the day when an Idaho Falls woman purchased "two pounds" from people in the motel room. The caller identified two of the people as Beaty and his brother, Marvin Beaty. The caller said that Marvin Beaty lived on Vassar Way in Idaho Falls, that another person who was present was named "Greg" and that one of their vehicles was a small, silver pickup with Oregon license plates.

The Idaho Falls Police Department then commenced an investigation. Detective Todd Ericsson contacted the Motel 6 and determined that Rooms 219 and 220 were registered to Walling who listed a Toyota vehicle with Oregon license plates on the motel registration form. As the result of a minor accident that evening in the motel

parking lot, the police talked with persons in a 1981 Chevrolet pickup bearing Oregon license plates; the driver was identified as Beaty, and the passengers as Greg Terry and Karen J. Wilson, all of whom were determined to be occupants of Rooms 219 and 220.

Ericsson had arrested Marvin Beaty several years previously on drug charges. Wilson had been arrested the prior day, June 21, and charged with shoplifting at a supermarket in Idaho Falls. At that time she had in her possession marijuana, methamphetamine, valium, various capsules, and a social security card and a copy of her birth certificate identifying her as Elsie Walling.

During police surveillance of the motel, the occupants of Rooms 219 and 220 were observed carrying packages in and out of the rooms. Beaty was observed carrying a police scanner into one of the rooms.

Around 10:00 to 10:30 p.m. on June 22, 1987, Detective Frei gained entry to both rooms. He was dressed as a maintenance man, claiming he needed to "check the water." The rooms were messy, but Frei observed no evidence of drug trafficking or other illegal activity. Approximately two hours later, at 12:35 a.m. on June 23, Ericsson and the Bonneville County prosecuting attorney appeared before the magistrate, at her residence, for the purpose of obtaining a warrant to search Rooms 219 and 220, the 1981 Chevrolet pickup, the 1968 Toyota, and the persons present for marijuana, cocaine, methamphetamine, evidence of drug trafficking, and for proof of the identities of the owners/occupants of the rooms and vehicles.

Ericsson testified orally before the magistrate to most of the foregoing facts. However, although he knew Frei had been in the motel rooms and had seen no evidence of illegal activities, he failed to disclose that information to the magistrate. Before issuing the warrant, the magistrate asked Ericsson if he had any additional information incident to this matter. In response, Ericsson did not inform the magistrate that Frei had entered the motel rooms about two hours earlier. Ericsson later testified at the suppression hearing before the district court that he had advised the prosecuting attorney of Frei's entry before applying for the search warrants, that neither felt it was significant, and that there was no conscious decision to keep any information from the magistrate.

The magistrate found probable cause to issue the search warrant, and the search of the motel rooms was conducted at approximately 1:00 a.m. the same morning. The police seized drugs, paraphernalia, and cash, and arrested all four occupants of the rooms. Beaty and Walling were charged with three counts each of possession of a controlled substance with intent to deliver.

Beaty and Walling each moved to suppress the evidence seized during the search contending there was no probable cause for the issuance of the warrant and that the omitted exculpatory information may have affected the magistrate's determination that probable cause existed. The district judge noted that the latter issue had yet to be addressed by an Idaho appellate court. He held that the appropriate legal standard was whether the failure to provide the court with such information was deliberate, or with reckless disregard, and material under *State v. Lockett*, 232 Kan. 317, 654 P.2d 433 (1982), and that there must be a substantial probability that had the information been given to the magistrate, it would have altered her determination of probable cause. *State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (App.1983); *United States v. Reivich*, 610 F.Supp. 538 (D.C. Mo.1985).

The district court denied the motions to suppress concluding that, while the totality of the circumstances did not support a finding of probable cause, the search was permissible because the omitted information would not have been material in the magistrate's determination of probable cause, the warrant was facially valid, and there was an absence of any knowing or reckless falsity in the officer's testimony. Beaty and Walling then entered conditional guilty pleas to three counts each of possession of a controlled substance with intent to deliv-

er. Their appeals have been consolidated for all purposes.

■The fruits of a search conducted pursuant to a warrant later found to have been issued without probable cause may still be admissible under the *Leon* good-faith rule, i.e., if the officers acted in "objectively reasonable reliance" on the invalid warrant. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). However, the good-faith rule does not apply in situations where:

> (1) the magistrate or judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth (the false information exception);
>
> (2) the issuing magistrate wholly abandoned his judicial role in such a manner or under such circumstances that no reasonably well-trained officer should rely on the warrant (the neutral and detached magistrate exception);
>
> (3) the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable (the so lacking probable cause exception); or
>
> (4) the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the officer cannot reasonably presume the warrant to be valid (the facially deficient warrant exception).

*See State v. Prestwich*, 115 Idaho 317, 766 P.2d 787 (Ct.App.1988), *aff'd on review*, 116 Idaho 959, 783 P.2d 298 (1989). In *Leon*, the United States Supreme Court stated that:

> [O]ur good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances—including whether the warrant application had previously

been rejected by a different magistrate—may be considered.

468 U.S. at 922, n. 23, 104 S.Ct. at 3420, n. 23.

■ The application of the good-faith rule by the district court presents a mixed question of law and fact. We defer to factual findings made upon substantial evidence, but we freely review the application of the law as stated in *Leon* to the facts as found in the instant case. *State v. Prestwich*, 115 Idaho 317, 766 P.2d 787 (Ct.App. 1988).

■ In light of the record before us, we focus our attention on the "false information" exception to the *Leon* good-faith rule. As noted by the Idaho Supreme Court in *State v. Prestwich*, 116 Idaho 959, 783 P.2d 298 (1989), the false information exception finds its origin in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). *See State v. Schaffer*, 107 Idaho 812, 693 P.2d 458 (Ct.App.1984). The Idaho Supreme Court adopted *Franks* in *State v. Lindner*, 100 Idaho 37, 592 P.2d 852 (1979).[1]

■ At issue in the instant cases is whether *omission*, rather than *inclusion*, of certain information misled the magistrate. We can conceive of no cogent reason why *Franks* should not be extended to challenges to affidavits based on deliberate or reckless omissions of facts which might cause a seemingly straightforward affidavit to mislead the magistrate. The failure to inform a magistrate of a known exculpatory fact may be misleading, if not more misleading, than the furnishing of false information in applying for a search warrant.

■ An application for a warrant that is based in part on an informant's tip is to be judged by a "totality of the circumstances" analysis. This affords the magistrate the opportunity

> to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him ...

---

1. To frame a *Franks* issue, the defendant must show by a preponderance of the evidence that false information was included in the warrant affidavit knowingly and intentionally, or with reckless disregard for the truth. *Franks v. Delaware, supra; State v. Lindner, supra.*

there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). *See also State v. Forshaw,* 112 Idaho 162, 730 P.2d 1082 (Ct.App.1986).

Here, by virtue of the withholding of information that Officer Frei had gained entry to the motel rooms within two hours preceding the probable cause hearing and had not noticed any evidence of illegal activity, the magistrate was deprived of the opportunity to consider all relevant facts known to the police officers in determining whether probable cause existed for the issuance of the warrant. Omission of such information was material to the magistrate's consideration of probable cause. In *United States v. Stanert,* 762 F.2d 775, 781 (9th Cir.1985), *amended,* 769 F.2d 1410 (9th Cir.1985), the Ninth Circuit Court of Appeals held:

> [T]he Fourth Amendment mandates that a defendant be permitted to challenge a warrant affidavit valid on its face when it contains deliberate or reckless omissions of fact that tend to mislead.... The use of deliberately falsified information is not the only way by which police officers can mislead a magistrate when making a probable cause determination. By reporting less than the total story, an affiant can manipulate the inference a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning.

*See also United States v. Reivich,* 793 F.2d 957 (8th Cir.1986); *United States v. Williams,* 737 F.2d 594 (7th Cir.1984); *People v. Aston,* 39 Cal.3d 481, 216 Cal.Rptr. 771, 703 P.2d 111 (1985); *People v. Winden,* 689 P.2d 578 (Colo.1984); *State v. Lockett,* 232 Kan. 317, 654 P.2d 433 (1982); *State v. Donaldson,* 100 N.M. 111, 666 P.2d 1258 (App.1983).

We endorse the rationale of *Stanert* and hold that the conduct for a police officer in deliberately withholding material facts, especially exculpatory facts, when applying for a search warrant is the func-tional equivalent of furnishing false information to the magistrate. Thus, if the withholding of material facts was deliberate or constituted a reckless disregard for the truth, the *Leon* "good-faith" rule is not applicable.

Here, Beaty and Walling met the *Franks* standard for determining whether a threshold showing of "falsity" has been made. Officer Ericsson testified at the suppression hearing that just prior to the probable cause hearing conducted before the magistrate he advised the Bonneville County prosecuting attorney of Officer Frei's entry by ruse into the motel rooms and of the fact that Frei's observations at that time revealed no evidence of illegal activity by the occupants of such room. He further testified that neither he nor the prosecuting attorney felt such exculpatory fact was "significant." However, they made a deliberate and calculated decision to keep that information from the magistrate. In our opinion, their conduct in withholding material information, possibly exculpatory in nature, constituted a reckless disregard for the truth. The omission of this information was material to the magistrate's consideration of probable cause.

In unilaterally deciding that Officer Frei's failure to discover any evidence of illegal activity when he entered the motel rooms under a ruse was not "significant," Officer Ericsson and the prosecuting attorney usurped the function of the magistrate. In *Franks,* the Court stated:

> Because it is the magistrate who must determine independently whether there is probable cause [citations omitted], it would be an unthinkable imposition upon his authority if a warrant affidavit, revealed after the fact to contain a deliberately or reckless false statement, were to stand beyond impeachment.

438 U.S. at 165, 98 S.Ct. at 2681. The decision as to what is or is not significant in determining whether probable cause exists for the issuance of a search warrant must be made by the magistrate, not the officers applying for the warrant.

Although it is not inappropriate to analogize cases involving the furnishing of false

information to cases, such as here, where exculpatory information was withheld from the magistrate, the process of analogizing must cease when the trial court considers the effect that the failure to reveal exculpatory information has upon the magistrate's determination of probable cause.

■ We today hold that at a *Franks* hearing the trial court must, in cases involving the failure to furnish exculpatory or other material information, determine whether there is a *substantial probability* that had the omitted information been given to the magistrate it would have altered the latter's determination of probable cause, *State v. Donaldson, supra, United States v. Reivich, supra,* rather than whether the magistrate was misled by such omission.

We are aware the district judge specifically found in his memorandum decision that "the magistrate was not misled by the information at the probable cause hearing," and we have hereinabove acknowledged that we defer to factual findings made upon substantial evidence. Such a finding would be germane to the typical *Franks* scenario wherein false information was presented to the magistrate at the probable cause hearing. As discussed in *Prestwich II,*[2] *Leon* suppression of evidence remains an appropriate remedy under circumstances where the officer did not have reasonable grounds for belief in the warrant's validity. Such circumstances exist where

> the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth....

115 Idaho at 320, 766 P.2d 787.

■ If it is established that, absent such false information, there was insufficient evidence to support a finding of probable cause for the issuance of the search warrant, the defendant is entitled to a *Franks* hearing, and has the burden of proving at such hearing that (1) the magistrate was misled by such false information and (2) that the affiant knew such information was false or would have known was false except for his reckless disregard of the truth. *Franks, supra.* We believe a "finding" that the magistrate was misled by the false information is more the product of the process of natural reasoning[3] which inevitably flows from the facts found than it is the product of the fact-finding process. Even if a "finding" that the magistrate was or was not misled is relevant in a case such as now before us where the question is not the furnishing of false information but, rather, the failure to furnish potentially exculpatory information to the magistrate, we hold that such "finding" is not one to which we should defer.

■ Where the issue is not one involving the *furnishing* of false information but is, as here, one involving the *failure* to furnish material information, the determination that the magistrate was misled is not, as in false information scenarios, the natural and logical product of predicate findings of fact. We therefore conclude that the trial court's "finding" that the magistrate was not misled is irrelevant to the case before us.

■ Furthermore, while the trial court apparently recognized the *Donaldson* and *Reivich* rule, it *concluded* "that the officer's failure to advise the magistrate of his associate's entry by posing as a maintenance man would not have materially altered the magistrate's determination of probable cause." We believe that what the trial judge meant was that even if the magistrate had been informed of the ruse entry, such fact would not have materially altered her determination of probable

**2.** 115 Idaho 317, 766 P.2d 787 (Ct.App.1988), *aff'd on review,* 116 Idaho 959, 783 P.2d 298 (1989).

**3.** Once the court conducting the *Franks* hearing finds that the information furnished was false, was material to the determination of probable

cause and that the record, expunged of such false information, was insufficient to support a finding of probable cause, it must logically follow that the false information misled the magistrate into finding that probable cause existed.

cause.[4]

■ However, the question presented to the court below was not whether revelation of the omitted fact *would have* materially altered the magistrate's determination of probable cause but rather it is whether there was a *substantial probability* that had the magistrate been informed of the ruse entry, it would have altered her determination of probable cause. *Donaldson, supra; Reivich, supra.* We hold that the question of whether there was such a substantial probability is a matter of law which we may freely review.

After having so reviewed the record and having concluded that, under the facts presented, there is a *substantial probability* that the furnishing of the omitted exculpatory information would have altered the magistrate's determination of probable cause, and it appearing that probable cause did not exist for the issuance of the search warrant in question, we hold that the trial court erred in applying the *Leon* good-faith rule to the exclusionary rule and denying appellants' respective motions to suppress because (1) the police deliberately withheld exculpatory information from the magistrate in the application for the search warrant, (2) the omission of such information was material to the magistrate's consideration of probable cause and (3) there was a substantial probability that had such omitted information been given to the magistrate, it would have altered her determination of probable cause to issue the warrant.

The district court's orders denying the motions to suppress the evidence seized are reversed. Accordingly, the judgments of conviction are vacated and the cases are remanded for further proceedings.

WALTERS, C.J., and SWANSTROM, J., concur.

4. If that conclusion were treated by us as a finding of fact by the lower court, such finding of fact is not supported by substantial evidence. Indeed, it appears to us that the only way such a finding of fact could have been supported would have been to call the magistrate as a witness and to plainly and simply ask her if she would have issued the search warrant had she been told about the ruse search during which no evidence of drug trafficking or other illegal activity was observed.