796 P.2d 165

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Danny Wade JARDINE, Defendant–Appellant.**

**No. 17714.**

Court of Appeals of Idaho.

Aug. 2, 1990.

Rehearing Denied Aug. 2, 1990.

Burnett, J., filed opinion specially concurring upon denial of petition for rehearing.

Stewart A. Morris, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Jack B. Haycock, Deputy Atty. Gen., argued, Boise, for plaintiff-respondent.

## SUBSTITUTE OPINION

The Court's prior opinion dated December 29, 1989, is hereby withdrawn.

WALTERS, Chief Judge.

This is an appeal by Danny Jardine from a judgment of conviction on a charge of manufacturing a controlled substance. I.C. § 37–2732. Jardine conditionally pled guilty, reserving the right to challenge on appeal an order denying his motion to suppress evidence. I.C.R. 11(a)(2). The evidence had been seized during a search by

police with a warrant. Jardine argues that the police seized the evidence illegally because the magistrate who issued the search warrant had been misled by omission of material information by the police in the affidavit supporting the warrant. The district court found that the omission of information rendered the search warrant invalid but refused to suppress the evidence because the police operated on a good-faith belief in the validity of the warrant. We disagree.

The facts are as follows. Danny Jardine was arrested after a search of his residence by police disclosed several marijuana plants grown with the aid of florescent "grow" lights. The police conducted the search pursuant to a warrant issued on the basis of the following information. The police department received an anonymous phone tip that marijuana was being grown at Jardine's residence. Detective Schnebly surveilled the residence and observed reflective material covering the basement windows. An employee from the state bureau of narcotics performed a comparative electrical-power analysis on Jardine's home. The analysis was designed to compare current power usage to a similar time period during the previous year when another occupant resided at the premises, in order to determine whether an increase in power usage had occurred. The analysis concluded there was a 453% increase in power consumption over a similar and equal time period during the previous year. That conclusion was communicated to Officer Schnebly.

In an attempt to secure a search warrant for Jardine's home, Schnebly stated in an affidavit that—in his experience—the anonymous phone tip, the reflective material on the windows and the 453% increase in power usage provided probable cause that Jardine was growing marijuana inside his home. The magistrate agreed and issued a search warrant based on Schnebly's affidavit. The police searched the house the same day, found the marijuana plants and arrested Jardine.

Jardine moved in the district court to suppress the evidence seized in the search, arguing that the affidavit upon which the search warrant was predicated misled the magistrate. Jardine maintained that the police erred by omitting from the warrant affidavit material information involving two documentary reports obtained from Idaho Power Company. Each of these reports provided the monthly amount of power expressed in kilowatt hours, used at Jardine's residence, on a yearly basis. One form indicated the power usage for the months Jardine lived at his residence. The other document contained the power usage of the house before Jardine's occupancy. Jardine's report demonstrated relatively consistent amounts of power usage, indicating a lower use in the summer months and higher consumption in the winter. The previous tenant's form showed uses comparable to Jardine's during the first three months of comparison (January, February and March). However, the use dropped precipitously after the first three months and continued at a similar low rate from April until the following January when Jardine moved onto the premises. In fact, no one occupied the house during the months of low power usage prior to Jardine's occupancy. The employee of the narcotics bureau chose the kilowatt amounts from eight of these nine months of low power use to compare the same eight months the following year when Jardine resided at the premises. The employee's computations from this comparison were not made part of the affidavit.

Jardine argues that by omitting the foregoing background information, the police misled the magistrate. The police portrayed an "increase" in power usage when the difference between the two periods of comparison simply resulted from the fact that there was less power used at the house during the prior year when the residence was unoccupied. Jardine argues that the remaining information contained in Schnebly's affidavit was insufficient to support a determination of probable cause. Thus, Jardine contends that no search warrant should have been issued.

When reviewing the magistrate's probable cause determination, the district court agreed that insufficient information had

been given to the magistrate to establish probable cause to issue the warrant—in particular, the details of the power consumption explaining the difference in electricity usage. However, the district court judge ruled that the police department's error in failing to present the true facts underlying the power comparison was innocent because those facts were "not known to the investigating officers at the time the search warrant was requested, issued or served." Concluding that the error was not made in reckless disregard of the truth or with the intent to mislead the magistrate, the district court upheld the search under the good-faith exception to the exclusionary rule under *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). This appeal followed.

Jardine submits that the court erred in applying the *Leon* good-faith exception to the exclusionary rule. The application of the good-faith exception by the district court presents a mixed question of law and fact. We defer to factual findings made upon substantial evidence, but we freely review the application of the law as stated in *Leon* to the facts as found in the instant case. *State v. Prestwich*, 115 Idaho 317, 766 P.2d 787 (Ct.App.1989), *aff'd on review*, 116 Idaho 959, 783 P.2d 298 (1989). Under *Leon*, evidence seized as a result of a police officer's objectively reasonable reliance on a magistrate's determination of probable cause will not be suppressed even if the warrant is later found to lack probable cause. However, the good-faith exception will not be applied where

(1) the magistrate or judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the issuing magistrate wholly abandoned his judicial role in such a manner or under such circumstances that no reasonably well-trained officer should rely

on the warrant; (3) the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the officer cannot reasonably presume the warrant to be valid.

*State v. Prestwich*, 110 Idaho 966, 969, 719 P.2d 1226, 1229 (Ct.App.1986).

Here, Jardine challenges the veracity of the affidavit, arguing that the detective's omission of the underlying data—which led to the conclusion that there was an increase in power—was intentionally designed to mislead the magistrate. Jardine contends that, at the very least, the detective's failure to show the magistrate the comparison or to disclose the data demonstrates a reckless disregard for the truth. Therefore, we will focus our attention upon the application of the false-information "exception" to the facts of this case.

■ The false-information exception originates in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). To frame a *Franks* issue, the defendant must show by a preponderance of the evidence that false information was included in the warrant affidavit knowingly and intentionally, or with a reckless disregard for the truth. *Franks, supra; State v. Lindner*, 100 Idaho 37, 592 P.2d 852 (1979).[1] In this case, however, we are not concerned with the *inclusion* of information in an affidavit; rather it is the *omission* of information which is alleged to have misled the magistrate. *See e.g., State v. Beaty*, 118 Idaho 20, 794 P.2d 290 (1990). In this regard, the Ninth Circuit Court of Appeals has held:

[T]he Fourth Amendment mandates that a defendant be permitted to challenge a warrant affidavit valid on its face when

---

1. Where the defendant challenges a facially valid affidavit he must make a substantial preliminary showing regarding the false-information rule. If such a showing has been made, the court must accord the defendant a limited evidentiary hearing. *Franks*, 438 U.S. at 155–156, 98 S.Ct. at 2676. Jardine does not contest

whether he was denied a *Franks* hearing, but rather, merely disputes the result reached by the district court on the motion to suppress. In fact, the district court held that Jardine's suppression proceeding "included a *Franks* type hearing." We find no reason to disagree with this characterization.

it contains deliberate or reckless omissions of fact that tend to mislead.

The use of deliberately falsified information is not the only way by which police officers can mislead a magistrate when making a probable cause determination. By reporting less than the total story, an affiant can manipulate the inference a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning.

*United States v. Stanert*, 762 F.2d 775 at 781 (9th Cir.1985), *amended*, 769 F.2d 1410 (9th Cir.1985). *See also, United States v. Reivich*, 793 F.2d 957 (8th Cir.1986); *United States v. Williams*, 737 F.2d 594 (7th Cir.1984); *People v. Aston*, 39 Cal.3d 481, 216 Cal.Rptr. 771, 703 P.2d 111 (1985); *People v. Winden*, 689 P.2d 578 (Colo.1984); *State v. Lockett*, 232 Kan. 317, 654 P.2d 433 (1982); *State v. Donaldson*, 100 N.M. 111, 666 P.2d 1258 (1983). We agree that *Franks* should be extended to allow challenges to affidavits based on deliberate or reckless omissions of facts which cause a seemingly straightforward affidavit to mislead the magistrate.

■ In the present case, Detective Schnebly's affidavit stated that the comparative power analysis revealed an average monthly increase of 453% in Jardine's kilowatt hour usage over that of the *previous occupant*. The district court held that the police had compared Jardine's power usage to a time period in the previous year when the house was *vacant*. The court determined that the analysis was performed by law enforcement personnel from data supplied by Idaho Power Company. In order to invoke the false-information exception, most courts require the defendant to show "(1) the affidavit contains intentionally or recklessly false statements, and (2) the affidavit purged of its falsities would not be sufficient to support a finding of probable cause." *United States v. Lefkowitz*, 618 F.2d 1313, 1317 (9th Cir.), *cert. denied*, 449 U.S. 824, 101 S.Ct. 86, 66 L.Ed.2d 27 (1980). In this case, the police provided neither the analysis nor the data to the magistrate in the warrant affidavit. The district court

concluded that these errors and omissions of fact by the police were "innocent."

Although the record does not establish intentional misconduct by the police omissions, we are unpersuaded that failure to provide the magistrate all information pertinent to the determination of a comparative power analysis is merely innocent. Solely informing the magistrate of the percentage of power use increase clearly can be misleading since the results may be altered or manipulated depending upon the underlying data used. The data used in such an analysis must be obtained from a reliable source and applied in a straightforward manner in order to lead to an accurate result. To insure the accuracy and reliability of the result, the data and analysis utilized by the police should be disclosed in the warrant affidavit presented to the magistrate. In this way, the magistrate is given an opportunity to review and analyze the data independent of the police officer's conclusion, and the court can reach its own determination as to the demonstrable result.

We believe that failure to provide such information in the warrant affidavit constitutes a reckless disregard for the truth. In our opinion, the police in this case acted with a reckless disregard when they failed to assess alternative reasons for the large discrepancy in power usage. The raw data showed that Jardine's power usage was consistent during some periods with power consumption during the previous year when the house was occupied. Had this underlying data been disclosed, a conscientious magistrate likely would have questioned how the data showed the existence of a continuing, unusual power demand associated with growing marijuana. Similarly, an inquiry by conscientious police officers would have established that the significant difference in power usage was due to the house being unoccupied during the previous measurement period. By simply presenting an aggregate percentage figure, the police unreasonably limited the range of inferences that could be drawn from the data by the magistrate, thus, seriously impairing the magistrate's ability to determine probable cause. *See State v.*

*Arregui,* 44 Idaho 43, 254 P. 788 (1927) (police must furnish facts to judge, who will decide what inferences to draw). Furthermore, Detective Schnebly represented in his affidavit that the comparative power check was performed between Jardine and "the previous occupant." The detective's mischaracterization reasonably could have misled the magistrate into thinking someone actually had occupied the house before Jardine's possession of the premises and had consumed electricity during the months used in the comparison.

█ The question remaining is whether there was a substantial basis to support a finding of probable cause if the omitted information had been supplied in the affidavit. *See State v. Lang,* 105 Idaho 683, 672 P.2d 561 (1983). In other words, was the omitted information material and necessary to a finding of probable cause? The district court held that there was insufficient information to support a probable cause finding based merely upon the anonymous phone tip and detective Schnebly's observation of reflective material on the window. We agree. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The record discloses nothing to show that the anonymous caller was an honest informant or a source of reliable information. What little information the police obtained was corroborated merely by observing reflective material on the basement windows. Such corroboration is not the quality required to establish probable cause. *Illinois v. Gates, supra; State v. Forshaw,* 112 Idaho 162, 730 P.2d 1082 (Ct.App.1986); *State v. Prestwich,* 110 Idaho 966, 719 P.2d 1226 (Ct.App.1986). We conclude, as did the district judge, that the information other than power usage did not provide a substantial basis for finding probable cause. The state's reliance on *State v. Newell,* 115 Idaho 1133, 772 P.2d 1227 (1989), is misplaced. There the police were able to corroborate enough information to insure the reliability of an anonymous informant. Here, both the information and the corroboration were insufficient.

We are conscious of the balance between the state's police power and the right of people to be secure in the privacy of their homes. The police conduct in this case crossed the line and unconstitutionally tipped the balance away from individual security. As an appellate court, we must focus on whether the police follow a procedure of allowing full disclosure to the magistrate of all information relevant to a reliable determination of probable cause. To encourage proper police conduct, evidence obtained in reckless disregard of that standard must be suppressed. Under the circumstances of this case, we conclude that merely placing the aggregate percentage result of a comparative power analysis in a warrant affidavit and omitting the underlying data was misleading and recklessly disregarded the truth. Omission of this information was material to the magistrate's consideration of probable cause.

The district court order denying the motion to suppress the seized evidence is reversed. Accordingly, the judgment of conviction is vacated and the case is remanded for further proceedings.

BURNETT, J., and WESTON, J., pro tem., concur.

BURNETT, Judge, specially concurring upon denial of petition for rehearing.*

The foregoing opinion was issued following a petition by the state for a rehearing on the appeal. By separate order filed today, we have denied that petition. In its petition, the state takes the position that we have concluded that a *Franks* hearing may be held not only to determine whether police officers have given false or misleading information to a magistrate, but also to determine whether the officers could have conducted a more thorough investigation before seeking a search warrant. I write here simply to confirm my understanding that the Court does *not* regard the *Franks* hearing as a general forum for debating

* Judge Burnett's special concurring opinion was prepared prior to his resignation on July 16, 1990.

the adequacy of a police investigation. Rather, the limited focus of the hearing is on the accuracy of the affidavit (or transcript of sworn testimony) presented to the magistrate in support of the search warrant application.

In the present case, that information was misleading. Accordingly, I join the Court in denying the state's petition for rehearing and concur in the substitute opinion issued today.