826 P.2d 1350

STATE of Idaho, Plaintiff–Respondent,

v.

Robert Harold THOMPSON, Defendant–Appellant.

No. 19048.

Court of Appeals of Idaho.

March 3, 1992.

Roland D. Watson, Coeur d'Alene, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Robert Harold Thompson appeals from the district court's denial of his motion to suppress evidence which was obtained by execution of a search warrant, and from various evidentiary rulings during Thompson's trial on grand theft charges. For the reasons stated below, we affirm.

Thompson was charged by information with three felony counts of grand theft by possession, I.C. §§ 18-2403(4), 18-2407. He filed a motion to suppress the evidence obtained pursuant to a search warrant on the basis that the officers willfully misled the magistrate in presenting information and omitting information in support of their application for the search warrant. The district court, after hearing, determined that the officers had not knowingly or intentionally misrepresented the facts and that any facts that had been omitted or misstated were immaterial. The court denied the motion to suppress evidence obtained pursuant to the search warrant. A jury convicted Thompson of two counts of grand theft. The district court imposed a unified sentence of five years with a mandatory minimum period of confinement of two years and retained jurisdiction for 120 days.

On appeal, Thompson argues that the evidence obtained pursuant to the search warrant should not have been admitted as evidence. He also contends that the district court erred when it admitted evidence indicating that illegal drugs were packaged at Thompson's home, as well as photographs of tools and a toolbox which had been taken from a burglary victim's home.

The relevant facts can be briefly stated. Detectives from the Kootenai County Sheriff's office were investigating burglaries which had occurred in the Wolf Lodge Road area. On May 3, 1990, sheriff's deputies arrested two suspects and recovered items which had been taken in the burglaries. A sheriff's deputy interviewed both of the suspects. One of the suspects, Ronald Koski, admitted that he had been involved in the burglaries and that he had taken some of the other items which had been stolen to a person who buys and sells stolen property. Koski identified the person as Bob Thompson and described Thompson's residence.

Deputy Samuel Grubbs listened to portions of the taped interview with Koski. Grubbs also became aware of aspects of

the burglaries, including items stolen in the burglaries. Grubbs later appeared before a magistrate and testified as to his knowledge of the information received from Koski and gave a description of the stolen items. Another detective, Deputy Dan Thornton, also testified in support of the issuance of the warrant. Based on the testimony of Grubbs and Thornton, the magistrate found that probable cause existed and issued a search warrant of Thompson's residence.

Under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a criminal defendant is entitled to an evidentiary hearing to challenge the veracity of a sworn statement used by the police to obtain a search warrant if the criminal defendant makes a substantial preliminary showing that the sworn statement included an intentionally false statement or a statement made with reckless disregard for the truth, and that those statements were necessary to the finding of probable cause. *Franks*, 438 U.S. at 155–56, 98 S.Ct. at 2676. This Court has previously held that *Franks* extends to allow challenges to sworn statements based on deliberate or reckless omissions of facts which tend to mislead the magistrate. *State v. Jardine*, 118 Idaho 288, 292, 796 P.2d 165, 169 (Ct.App.1990). In order to prevail at the hearing, the defendant must show, by a preponderance of the evidence, that false information was included in the statement upon which the warrant was based, that the false information was included knowingly and intentionally or with reckless disregard for the truth, and that the remaining content of the statement is insufficient to establish probable cause. *State v. Lindner*, 100 Idaho 37, 41, 592 P.2d 852, 856 (1979) *citing Franks, supra.* In the context of a factual omission, the defendant must show that the omission is intentional or reckless, and that it is material. *See Jardine*, 118 Idaho at 292, 796 P.2d at 169. If the defendant prevails, "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." *Lindner*, 100 Idaho at 41, 592 P.2d at 856.

## I. THE FACTUAL OMISSIONS WERE IMMATERIAL

In the present case, the district court determined that Grubbs's misstatements and omissions were not material to determining probable cause to issue the search warrant. In reviewing the district court's determination that misstatements and omitted information were immaterial and unnecessary to a finding of probable cause, we defer to factual findings which are supported by substantial evidence, and freely review the application of the law to the facts. *See Jardine*, 118 Idaho at 291, 796 P.2d at 168 (discussing standard of review for *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), good-faith exception to the exclusionary rule); *see also United States v. Dozier*, 844 F.2d 701, 705 (9th Cir.1988) *cert. denied*, 488 U.S. 927, 109 S.Ct. 312, 102 L.Ed.2d 331 (1988) (question whether misstatements or omissions are material to a finding of probable cause is subject to *de novo* review). In the present case, we will freely review the district court's conclusions regarding the materiality of the misstatements and omitted statements.

During the probable cause hearing to obtain the warrant, Grubbs did not tell the magistrate that he had listened only to portions of the taped interviews. He also failed to mention a statement by Koski that Thompson had probably already disposed of the stolen items. Grubbs also did not mention that some of the items listed in the search warrant had already been recovered by the sheriff's office when the two burglary suspects were arrested. Thompson argues that the search warrant is invalid because of these omissions and misstatements, and that any items seized pursuant to the search warrant should have been excluded as evidence.

Thompson argues that Grubbs intentionally failed to inform the magistrate that he had listened to only a portion of the taped interview with Koski. The district court did not specifically address this issue, but made a blanket statement that any omis-

sions which did occur were immaterial. In the hearing to determine probable cause for the issuance of the search warrant, Grubbs testified that he had listened to the taped interview with Koski. Koski admitted to having participated in the burglaries in the Wolf Lodge Road area, and to having sold the stolen property to Thompson in exchange for drugs. Koski described Thompson's house and Grubbs had confirmed its location prior to his testimony before the magistrate.

A second detective, Deputy Thornton, testified that two separate confidential informants had indicated that Thompson was involved in the traffic of methamphetamine. Thornton testified that it is common for burglars to trade stolen property in exchange for drugs. The prosecutor asked Thornton if he was familiar with the taped interview. Thornton supplied additional details from the conversation and noted specifically that Koski admitted to having taken guns and a camera from the Wolf Lodge burglaries to Thompson's house.

Our review of the record indicates that Grubbs and Thornton gave accurate testimony about facts which were essential to establishing probable cause. Though it is not apparent from the transcript that Grubbs and Thornton listened to only a portion of the taped interview, there is no indication that this fact would have in any way affected the magistrate's decision to issue the warrant. In fact, Thompson has presented no argument or authority on this point, other than the bare allegation that this particular fact was omitted. Because this omission is immaterial, it is unnecessary to reach the question whether the omission was made intentionally or with reckless disregard for the truth.

Thompson also argues that Grubbs failed to tell the magistrate that some of the items listed in the search warrant had already been recovered. This is, in part, a misstatement of fact. A review of the transcript of the probable cause hearing shows that Grubbs told the magistrate that a shotgun stolen in the Wolf Lodge Road burglaries had been recovered from Ko-ski's car. Grubbs then listed other items which had not been recovered. The district court held that it was immaterial whether some of the items listed had been recovered because there were specific items which had not been recovered, including several guns, a VCR, and a camera. We agree. Even if the list of missing items had been checked against the police report to insure accuracy, there were other items which had not been recovered. Under those circumstances, there was probable cause to issue the search warrant because there was a possibility of recovering at least some of the stolen items. Because this omission of fact is immaterial, it is unnecessary to reach the question whether the omission was made intentionally or with reckless disregard for the truth.

Thompson also contends that Grubbs failed to inform the magistrate of Koski's statement to the effect that Thompson could already have disposed of the items stolen in the Wolf Lodge burglaries. Knowledge of Koski's opinion would not have altered the magistrate's determination of probable cause. During the probable cause hearing, Grubbs testified that thieves and persons who deal in stolen property typically hold the property for a period of time before selling or otherwise disposing of it. Grubbs testified to this on the basis of two years' law enforcement experience in theft-related crimes. Had the magistrate had the opportunity to weigh Koski's opinion against Grubbs's opinion, it is reasonable to assume that he would have put more weight on the opinion of a trained law enforcement officer than on the opinion of a burglary suspect. Based on Grubbs's testimony, Koski's opinion as to whether Thompson would have disposed of the stolen goods is immaterial. Because this omission is immaterial, it is unnecessary to reach the question whether the omission was made intentionally or with reckless disregard for the truth.

Thompson also claims error in that, during the probable cause hearing, Thornton was allowed to testify regarding informants' statements that Thompson was trafficking in methamphetamine. Thompson does not challenge the veracity of Thorn-

ton's statements but instead seems to claim that Thornton's testimony was superfluous. Thompson fails to identify, argue, or provide authority for any appealable issue. We will not presume error on appeal.

Our review of the record shows that Thompson failed to show that the alleged omissions were material. The facts which were omitted would not have affected the magistrate's reasonable belief that the place to be searched contained stolen property. The district court correctly determined that the omissions were immaterial and that the search warrant did not need to be voided. Because the search warrant was valid, the district court correctly denied Thompson's motion to suppress items seized during the search.

## II. THE DISTRICT COURT DID NOT ERR BY ADMITTING EVIDENCE OF DRUG PACKAGING MATERIALS AND PHOTOGRAPHS OF STOLEN GOODS

During trial, Thompson initially objected to the admission of four Playboy magazines and balance scales on the basis of relevancy, pointing to the fact that the state had dropped drug manufacturing charges against Thompson. The district court ruled that the evidence was relevant for the limited purpose of establishing that Thompson paid for stolen property with methamphetamine. The magazines and the scales were evidence of the method for packaging methamphetamine. Thompson argues on appeal that this ruling was erroneous.

■ A trial court's ruling that evidence is relevant will not be reversed on appeal absent a showing that the court abused its discretion. *Fuller v. Wolters*, 119 Idaho 415, 421, 807 P.2d 633, 639 (1991); *State v. Giles*, 115 Idaho 984, 987, 772 P.2d 191, 194 (1989); *Needs v. Hebener*, 118 Idaho 438, 442, 797 P.2d 146, 150 (Ct.App.1990). Thompson has presented no argument or authority to indicate that the court abused its discretion by admitting the magazines. We will not presume error on appeal. Fur-

ther, Thompson's counsel informed the district court that he had no objection when the scales were offered into evidence. Thompson has waived this issue on appeal.

■ Thompson also appeals the admission of the photographs of a stolen toolbox and tools. He argues that there was no evidence to link him to the possession of the stolen tools and toolbox. Idaho Rule of Evidence 103 provides:

**Rulings on evidence.**—(a) effect of erroneous ruling. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, ...

The admission of the photographs of the tools and the toolbox did not affect a substantial right of Thompson's. The jury returned a verdict of not guilty to Count III which charged Thompson with grand theft by possession of the tools and the toolbox. Because Thompson was acquitted on this charge, the admission of the evidence, even if admitted in error, did not affect any of Thompson's substantial rights.

In conclusion, we affirm the district court's holding that any alleged omissions or misstatements of facts during the probable cause hearing were immaterial. The search warrant was valid and items seized during the search need not be excluded from evidence. We affirm the trial court's admission of the magazines and scales indicating that Thompson packaged methamphetamine at his house. The admission of photographs of stolen goods, even if erroneous, did not affect any substantial right of Thompson's. The judgment of conviction is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.